IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNSON OUTDOORS INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-67-WKW [WO] |
| | ) | |
| NAVICO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the court on a Motion to Strike Certain Defenses and Counterclaims, and to Dismiss Them with Prejudice (Mot. (Doc. # 53)), filed by Johnson Outdoors, Inc. ("Johnson Outdoors") and Johnson Outdoors Marine Electronics, Inc., d/b/a Humminbird ("Humminbird" or collectively "Johnson Outdoors" or "Plaintiffs"). Defendant Navico, Inc. ("Navico") opposes the motions. (Resp. (Doc. # 55).) After careful consideration of counsel's briefs, the relevant law, and the record as a whole, the court finds that Johnson Outdoors's motions are due to be granted in part and denied in part.

## I. JURISDICTION AND VENUE

This case presents claims of patent infringement arising under the patent laws of the United States. 35 U.S.C. § 100, *et seq*. The court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction and venue are not contested, and the court finds adequate allegations in support of both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Johnson Outdoors filed a Third Amended Complaint (Third Am. Compl. (Doc. # 45)), alleging patent infringement by Navico against four of Johnson Outdoors's patents[1] relating to a "system, to be mounted to a boat, employing side scan sonar beams to locate fish and underwater structures, and to display them in detailed and recognizable images." (Third Am. Compl. ¶ 2.) These boat-mounted side scanning sonar imaging systems are sold by Johnson Outdoors under Humminbird's "Side Imaging" registered trademark.

Johnson Outdoors alleges that, after it had filed patent applications to protect its technology and with knowledge that the United States Patent and Trademark Office ("PTO") had determined that claims in the '107 Application were patentable[2], Navico began to sell "its own side scan sonar products to compete directly with the Humminbird 'Side Imaging' products. Navico calls these products its 'Lowrance LSS-1 StructureScan Imaging System' . . . ." (Third Am. Compl. ¶ 5-6.) The Third Amended Complaint alleges, in four counts, that Navico, "by making, using, importing, offering to sell and/or selling" its Lowrance StructureScan Imaging System, infringed the patented technology of the '952, '825, '203, and '974 patents held by Johnson Outdoors.

---

[1] Those patents are, in order of issuance, U.S. Patent No. 7,652,952 (the "'952 Patent"), U.S. Patent No. 7,710,825 (the "'825 Patent"), U.S. Patent No. 7,729,203 (the "'203 Patent"), and U.S. Patent No. 7,755,974 (the "'974 Patent"). (Third Am. Compl.) The '952 Patent issued on January 26, 2010, from U.S. Patent Application No. 11/195,107 (the "'107 Application"). The '107 Application was filed on August 2, 2005.

[2] Johnson Outdoors claims priority to August 2, 2005, the date of the '107 Application. (Third Am. Compl. ¶ 2.)

Navico filed an Amended Answer (Am. Answer (Doc. # 51)), which included affirmative defenses and counterclaims seeking declarations of noninfringement, invalidity, and unenforceability of the four patents at issue.  Several of these affirmative defenses and counterclaims are based upon the doctrine of inequitable conduct.  (Am. Answer ¶¶ 60-71.)[3] In short, Navico alleges that Johnson Outdoors, during its prosecution of the '952 Patent, made "numerous material misrepresentations to and withheld material information from the [PTO] concerning the claimed inventions disclosed therein in an attempt to influence the Patent Examiner to allow its related applications to issue as patents."  (Am. Answer ¶ 60.) Navico argues, under the doctrine of infectious unenforceability, that any inequitable conduct made during the prosecution of the '952 Patent that would render unenforceable the '952 Patent must also have the same effect on the other three Patents.  (Am. Answer ¶¶ 60, 71.)

Johnson Outdoors responded with the motions to strike and dismiss which are currently pending.  Johnson Outdoors argues that Navico has failed to plead its inequitable conduct defenses and counterclaims "with the very substantial level of specificity required by [Federal Rule of Civil Procedure] 9(b)."  (Br. in Supp. 1 (Doc. # 53-1).)

---

[3] Navico's inequitable conduct defenses and counterclaims are substantially identical.  (Br. in Supp. 13 n.4 (Doc. # 53-1); Resp. 11 n.3.)  The court, as the parties have done, will provide paragraph number citations to Navico's inequitable conduct affirmative defenses only.

### III.  STANDARD OF REVIEW

**A.**  **Rule 12(f) Motion to Strike Affirmative Defenses**

"The court may strike from a pleading an insufficient defense . . . ."  Fed R. Civ. P. 12(f).  "Striking allegations from a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice,' and only when the allegations to be stricken have 'no possible relation to the controversy.'"  *S.E.C. v. Monterosso*, No. 07-61693civ, 2010 WL 3833845, at *10 (S.D. Fla. Sept. 28, 2010) (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).

"Affirmative defenses, however, are subject to [ ] general pleading requirements . . . ." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490civ, 2010 WL 5393265, at *2 (S.D. Fla. Dec. 21, 2010) (quotation marks omitted).  Thus, in determining whether to strike an affirmative defense under Rule 12(f), the court should determine whether "the matter [ ] withstand[s] a Rule 12(b)(6) challenge."  *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 906 (N.D. Ohio 2003).

**B.**  **Rule 12(b)(6) Motion to Dismiss**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, or in this case, the counterclaim.  In assessing the merits of a Rule 12(b)(6) motion to dismiss a counterclaim, as when examining a motion to dismiss a complaint under the same rule, the court assumes that all the factual allegations set forth in the counterclaim are true.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a counterclaim need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the [counterclaim] are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 545.

## IV.  DISCUSSION

### A.   Pleading Inequitable Conduct Under Rule 9(b)

"Because inequitable conduct is akin to a claim of fraud, . . . all claims of inequitable conduct, whether pled as an affirmative defense or as a counterclaim, must meet the particularity requirements of [Federal Rule of Civil Procedure] 9(b)."[4]  Robert A. Matthews, Jr., *Annotated Patent Digest* § 39:13 (2010) (citing *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) (noting that inequitable conduct was formerly known as "fraud on the Patent Office")).

Rule 9(b), in pertinent part, provides:  "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . .  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

In the context of a claim alleging inequitable conduct in the prosecution of a patent,

---

[4]  "The substantive elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO."  *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009) (citing *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008)); *see also* 37 C.F.R. § 1.56 ("Duty to disclose information material to patentability.").

the Federal Circuit[5] has recently held:

> [T]o plead the "circumstances" of inequitable conduct with the requisite "particularity" under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Exergen*, 575 F.3d at 1328-29.

A further extrapolation reveals that a properly pleaded defense or counterclaim of inequitable conduct contains three distinct species of allegations to be pleaded with varying levels of particularity. The "who," "what," "when," and "where" elements refer to the "circumstances constituting fraud" as elaborated in Rule 9(b). The "how" element refers to the materiality[6] requirement. As Rule 9(b) indicates, these circumstances must be pleaded with particularity. Finally, a party asserting inequitable conduct must allege sufficient facts to "give rise to a reasonable inference of scienter . . . ." *Id.* at 1330.

**B.     Navico's "Mounted to a Boat" Inequitable Conduct Defenses and Counterclaims**

Navico appears to assert two withholding and/or misrepresentation defenses and counterclaims with regard to the "mounted to a boat" claim limitation and prior art references

---

[5] "Whether inequitable conduct has been pleaded with particularity under Rule 9(b) is a question governed by Federal Circuit law." *Exergen*, 575 F.3d at 1318 (citing *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007)).

[6] *See* 37 C.F.R. § 1.56(b)(1) (Information is material if it "establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim.").

relating thereto: (1) prior art references establishing that towfish could be mounted to a boat; and (2) prior art references establishing that side scanning sonar systems included boat mounted transducers.  In sections IV.B.1-3, the references will be considered together because they are virtually indistinguishable for the purposes of the present analysis.  Finally, in section IV.B.4, the court considers whether Navico has adequately pleaded the doctrine of infectious unenforceability.

### 1.    The "Circumstances Constituting Fraud" (Who, What, When, Where)

"[Rule] 9(b) requires the plaintiff to state 'with particularity' any 'circumstances constituting fraud.'  Although states of mind may be pleaded generally, the 'circumstances' must be pleaded in detail.  This means the who, what, when, where, and how: the first paragraph of any newspaper story."  *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

### a.    The "Who" Requirement

The "who" of the pleading refers to the specific individuals responsible for the material withholdings or misrepresentations.  *Exergen*, 575 F.3d at 1329; *see also* 37 C.F.R. § 1.56(a) ("Each *individual* associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [PTO] . . . ." (emphasis added)).  Navico identifies David A. Betts, Robert W. Derrow, David J. Howells, Mark Gibson, and Jeff Davison as individuals who "breached their duties of candor and good faith to the [PTO] by failing to disclose these materials during the prosecution of the '952 Patent . . . ."  (Am. Answer ¶¶ 70, 71.)  Navico also identifies the same individuals as making false statements

or misrepresentations.  (Am. Answer ¶¶ 62, 66, 67, 69.)  Navico has satisfied the "who" requirement.

### b.   The "What" Requirement

The "what" of the pleading refers to "which claims, and which limitations in those claims, the withheld references [or misrepresentations] are relevant to[.]"  *Exergen*, 575 F.3d at 1329.  Navico states that the withheld references and misrepresentations, although made during the prosecution of the '952 Patent, are relevant to all four patents at issue, and specifically to the claim limitations that the "side scan sonar system or side scan transducers [be] 'mounted to a boat[.]'"  (Am. Answer ¶ 71.)  Navico has satisfied the "what" requirement.

### c.   The "When" Requirement

The "when" of the pleading refers to when during the prosecution of the patent material prior art references were withheld or misrepresentations made, in violation of the duties of disclosure, candor, and good faith of 37 C.F.R. § 1.56(a).  "The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned."  § 1.56(a).  With respect to the withholding claims, Navico alleges that "Messrs. Betts, Gibson, Davison, Derrow, and Howell, from August 2, 2005 through April 1, 2010, during prosecution of the '952 Patent, [ ] withheld [ ] material prior art [ ] relating to towfish and side scan sonar systems from the [PTO]."  (Am. Answer ¶ 70.)  With respect to the misrepresentation claims, Navico adequately alleges that misrepresentations occurred in the "background section of the

8

alleged invention" and in the declarations submitted to the PTO "[o]n December 10, 2007,"
by Messrs. Gibson, Betts, and Davison.  (Am. Answer ¶¶ 62, 66-69.)  Navico has satisfied
the "when" requirement.

### d.   The "Where" Requirement

The "where" of the pleading refers to "where in those references the material
information is found . . . ."  *Exergen*, 575 F.3d at 1329.  Navico cites a multitude of prior art
references, including page, figure, and illustration numbers, pertaining to the "mounted to
a boat" prior art claims.  (Am. Answer ¶ 68.)  Navico has satisfied the "where" requirement.

### 2.   *The Materiality Requirement*

### a.   The Withholding Claims

For a "withholding" claim, *see supra* note 4, the party alleging inequitable conduct
must explain "'why' the withheld information is material and not cumulative, and 'how' an
examiner would have used this information in assessing the patentability of the claims."
*Exergen*, 575 F.3d at 1329-30 (citing *Larson Mfg. Co. v. Aluminart Prods. Ltd.*, 559 F.3d
1317, 1333 (Fed. Cir. 2009)).  In *Lincoln National Life v. Jackson National Life Insurance
Company*, the district court noted that "a plain reading of the *Exergen* opinion strongly
suggests there is no independent 'why' requirement . . . . Rather, the 'how' and 'why' factors
. . . both refer to the broader requirement of materiality."  No. 1:07cv265, 2010 WL 1781013,
at *6-7 (N.D. Ind. May 3, 2010).  The Northern District of Indiana arrived at this conclusion
for several reasons.  First, the court noted that the Federal Circuit in *Exergen* explicitly
adopted the who, what, where, when, and how requirements from the Seventh Circuit opinion

9

in *DiLeo*, 901 F.2d at 627.  *DiLeo* made no mention of an independent "why" requirement, or a "why" requirement at all.  *See Lincoln Nat'l Life*, 2010 WL 1781013, at *6.  Second, as observed in *Lincoln National Life*, the *Exergen* court itself did not mention a "why" requirement when it first adopted the Seventh Circuit's standard.  *Id.*  Rather, *Exergen* held "that in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."  575 F.3d at 1327.  Nor did it later when the *Exergen* court elaborated the standard for a second time.  *Id.* at 1328.  The "why" was elevated to the status of a pleading requirement based on the parentless "scare quotes" escorting the word later in the *Exergen* opinion.  *Id.* at 1329; s*ee also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010).

This court agrees with the reasons elaborated by the Northen District of Indiana, and adds one of its own.  The so-called "why" requirement, as the *Exergen* court has spelled it out, requires the court to examine both the withheld information in order to determine its actual materiality, and the information actually presented to the PTO to determine whether the withheld information is cumulative.  This is not an appropriate examination to conduct at the pleading stage.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  "The purpose of Rule 9(b) is to provide notice, not to test the factual allegations of the claim."  *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 n.2 (3d Cir. 2003);

*see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) ("[F]air notice is perhaps the most basic consideration underlying Rule 9(b) . . . .").[7]

Navico must plead only the "how" requirement, how an examiner would have used the information in assessing the patentability of the claims, *Exergen*, 575 F.3d at 1330, in order to make the requisite materiality showing at this stage.  *See Somanetics Corp. v. CAS Medical Systems, Inc.*, No. 09-13110, 2010 WL 2178836, at *6-8 (E.D. Mich. May 26, 2010) (assessing the "how" requirement as "why a reasonable examiner would consider [the withheld prior art references] material").  With respect to the claim limitation that the sonar imaging system be "mounted to a boat," Navico states that the "[PTO] considered the statements attempting to distinguish watercraft from towfish to be material to the patentability of the alleged invention[,]" and block quotes a PTO Office Action to support this position.  (Am. Answer ¶ 64.)  Navico has satisfied the "how" requirement with respect to the withholding claim as to prior art references establishing that a towfish and side scanning sonar could be mounted to a boat.

### b.    The Misrepresentation Claims

For a "misrepresentation" claim, the alleged submission of false declarations is "inherently material to the patent prosecution process."  *Somanetics Corp.*, 2010 WL 2178836, at *8 (citing cases).  The *Somanetics* court cited two Federal Circuit cases in

---

[7] Johnson Outdoors's briefs are replete with layers of factual distinctions concerning the materiality of the prior art, its availability, whether the prior art was well-known in the industry, and whether the withheld prior art references were cumulative of the prior art in the record.  The court declines the invitation to try the case on the pleadings.

support of the proposition that false declarations are inherently material, thus satisfying the materiality requirement of *Exergen. See Refact Int'l Ltd. v. Lotus Dev. Corp.*, 81 F.3d 1576, 1583 (Fed. Cir. 1996) ("Affidavits are inherently material . . . ."); *see also Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1233 (Fed. Cir. 2007) (stating that "an active misrepresentation made during prosecution in order to avoid prior art is no doubt 'highly material[.]'") (citations omitted). Although these two Federal Circuit cases addressed the materiality of false declarations in the context of the merits inquiry of inequitable conduct, this court agrees with *Somanetics* that the rule can (and must) be incorporated into the Rule 9(b) pleading inquiry of *Exergen*. The required showing of materiality should not be more rigorous at the pleading stage than at the substantive merits stage.

Navico alleges that misrepresentations occurred in the "background section of the alleged invention described in the '952 Patent" when Messrs. Betts, Derrow, and Howell "falsely stated and misrepresented to the [PTO] that 'known side scan sonar devices locate the transducer in a vessel towed by the watercraft (e.g., a 'towfish').'" (Am. Answer ¶ 62.)

Navico also alleges that the December 10, 2007 Declarations of Messrs. Gibson, Betts, and Davison contain misrepresentations to the PTO indicating that towfish either could not be mounted to a boat or had not been, to that point, mounted to a boat. (Am. Answer ¶ 66.)

Because Navico has alleged that false declarations were submitted to the PTO that misrepresented the existence of prior art concerning mounting towfish to a boat, Navico's misrepresentation claims are "inherently material" and adequately allege the "how"

requirement of *Exergen* and Rule 9(b).

### 3. The Scienter Requirement

Rule 9(b) allows the scienter element, as a "condition[ ] of a person's mind," to be pleaded generally. Fed R. Civ. P. 9(b). To plead scienter in the inequitable conduct context, the pleading party must allege sufficient facts to give rise to a reasonable inference of (1) knowledge of the withheld material information or falsity of the material misrepresentation, and (2) a specific intent to deceive the PTO. *Lincoln Nat'l Life*, 2010 WL 1781013, at *3 (quoting *Exergen*, 575 F.3d at 1328-29). "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Exergen*, 575 F.3d at 1329 n.5 (citation omitted).

Navico pleads knowledge and deceptive intent "[u]pon information and belief[.]" (Am. Answer ¶¶ 60, 67, 68, 70.) "Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based." *Exergen*, 575 F.3d at 1330 (citation omitted). Whether the individuals prosecuting the '952 Patent had knowledge or intent to deceive the PTO falls within the category of information that lies uniquely within another party's control. *Id.*

Navico points in several directions in an attempt to carry the knowledge requirement of its scienter pleading burden. First, Navico alleges that the individuals prosecuting the '952 Patent (Messrs. Betts, Gibson, Davison, Derrow, and Howell) collectively had at least three decades of experience as brand managers, engineers, or in other professions related to or

within the sonar field. (Am. Answer ¶¶ 66-67, 70.) According to Navico, this extensive experience, combined with "the widespread availability and publication of these articles and other materials, the fact that these materials were widely known throughout the industry, the long term presence of Johnson Outdoors in the sonar industry through its Humminbird unit, and Mr. Betts [sic] alleged expertise in comparing patent claims for side scanning sonar systems to products that are available to determine if the elements of the claims are present in the products," (Am. Answer ¶ 70), gives rise to a reasonable inference of knowledge of the material prior art references either withheld or misrepresented. Johnson Outdoors disputes whether these articles and the prior art therein were, in fact, widely known throughout the industry. (Br. in Support 16-17.) However, as mentioned above, the court must assume that all the factual allegations set forth in the counterclaim are true. *Ashcroft*, 129 S. Ct. at 1949. All of the circumstantial allegations, considered together and accepted as true, give rise to a reasonable inference that some or all of the individuals prosecuting the '952 Patent had knowledge of the prior art references cited by Navico when they allegedly withheld those references or made material misrepresentations in violation of the duties imposed in 37 C.F.R. § 1.56(a).

Navico points to the prosecution history and the alleged importance to the Examiner of the "mounted to a boat" claim limitation as circumstantial evidence to meet its requirement of pleading deceptive intent on the part of the individuals prosecuting the '952 Patent. Navico argues that the individuals named violated their duties of candor, good faith, and disclosure, misrepresenting and withholding material prior art references in an attempt to

"persuade the U.S. Patent Examiner to reverse his multiple rejections of the patent application."  (Am. Answer ¶¶ 69, 64.)

Johnson Outdoors argues that when a party attempts to plead deceptive intent based upon circumstantial facts, as Navico has done, the reasonable inference must actually be "the single most reasonable inference able to be drawn from the evidence to meet the clear and convincing standard."  (Br. in Support 12.)  Johnson Outdoors cites *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.* in support of this proposition.  537 F.3d 1357, 1366 (Fed. Cir. 2008).  Again conflating the burden of pleading inequitable conduct with that of proving inequitable conduct, Johnson Outdoors invites the court to try the case on the pleadings.[8]  In *Exergen*, the Court of Appeals for the District of Columbia Circuit noted:

> *In contrast to the pleading stage*, to prevail on the merits, the accused infringer must prove both materiality and intent by clear and convincing evidence . . . . Whereas an inference of deceptive intent must be reasonable and drawn from a pleading's allegations of underlying fact to satisfy Rule 9(b) [the pleading burden], this inference must be "the single most reasonable inference able to be drawn from the evidence to meet [the substantive merits burden]."

575 F.3d at 1329 n. 5 (quoting *Star Scientific*, 537 F.3d at 1365-66) (emphasis added); *see also Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 732 (Fed. Cir. 2010) (employing the "single most reasonable inference" standard in context of reviewing a district court's merits decision to hold a patent unenforceable for inequitable conduct).

Navico need not prove anything in its pleading, including that deceptive intent is the

___

[8] Ironically, defending against a claim of intentionally deceiving the patent examiner, Johnson Outdoors asks this court to apply a merits argument at the pleading stage.  The parties, aware of their duty of candor before the patent examiner, are reminded of the kindred duty to this court.  *See* Fed. R. Civ. P. 11.

single most reasonable inference to be drawn from the evidence. Rather, Navico need only allege enough underlying facts to give rise to a reasonable inference of deceptive intent – one that is plausible and flows logically from the facts as alleged. Navico has carried its pleading burden in this respect. Navico alleges that the Examiner had previously rejected on several occasions Johnson Outdoors's claims based upon the "mounted to a boat" distinction (Am. Answer ¶ 64), and that the misrepresentations and withholdings were an attempt to persuade the Examiner to reverse his multiple rejections in this regard. These allegations are sufficient to give rise to a reasonable inference of deceptive intent.

### 4.       *The Doctrine of Infectious Unenforceability*

Navico argues also that the alleged inequitable conduct that occurred in the prosecution of the '952 Patent should also render the '825, '203, and '974 Patents unenforceable. Navico alleges that the four Patents "all arise from a single provisional application and the same utility application, share a common specification, and are expressly identified as related applications. All four [P]atents have multiple claims reciting the same subject matter . . . [and] were the subject of [ ] material misrepresentations made to and material prior art information withheld from the [PTO] . . . ." (Am. Answer ¶ 71.) Thus, Navico argues that, under the doctrine of infectious unenforceability, any inequitable conduct made during prosecution of the '952 Patent that would render unenforceable the '952 Patent must also have the same effect on the other three Patents. (Am. Answer ¶¶ 60, 71.)

Based upon the above-cited allegations, Navico has sufficiently alleged a "descendant relationship," *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1228 (Fed. Cir. 2007), and an

"immediate and necessary relation[ship]," *Hoffman-La Roche v. Promega Corp.*, 319 F.
Supp. 2d 1011, 1017 (N.D. Cal. 2004) (citing *Keystone Driller Co. v. Gen. Excavator Co.*,
290 U.S. 240, 245 (1933) and *Consol. Aluminum Corp. v. Fosco Int'l Ltd.*, 910 F.2d 804,
810-11 (Fed. Cir. 1990)), between the '952 Patent and the three subsequently issued related
Patents.

## C.    Navico's "Downward Scanning Transducer" Inequitable Conduct Defenses and Counterclaims

Navico also appears to allege inequitable conduct concerning prior art references
"establishing that side scanning sonar systems included down scanning sonar[.]" (Am.
Answer ¶ 68.)   Aside from the list of references and two other brief clauses (one a
parenthetical and the other appearing to be an afterthought) (Am. Answer ¶¶ 66, 71), no other
mention is made in the pleadings concerning downward scanning transducers and alleged
inequitable conduct.  To the extent that Navico attempts to allege inequitable conduct claims
concerning withholdings or misrepresentations concerning prior art references establishing
that side scanning sonar systems included down scanning sonar, the pleading is deficient
under the heightened pleading requirements of Rule 9(b) as laid out above.  Furthermore,
Navico has failed to state in its brief why its pleading on these claims satisfies the Rule 9(b)
standard; in fact, Navico does not brief these claims at all.  Accordingly, any withholding or
misrepresentation claim in this regard is deemed abandoned.  *See Resolution Trust Corp. v.
Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[G]rounds alleged in the complaint but
not relied upon [later] are deemed abandoned.").  Johnson Outdoors's motions to strike and

17

dismiss are due to be granted as they pertain to these claims.

## V.  CONCLUSION

In summary, Navico's inequitable conduct defenses and counterclaims, as they pertain to alleged misrepresentations and withholdings concerning downward scanning transducer prior art references, are due to be stricken and dismissed with prejudice for failure to meet the pleading requirements of Federal Rule of Civil Procedure 9(b).  However, Navico's inequitable conduct defenses and counterclaims, as they pertain to alleged misrepresentations and withholdings concerning the claim limitation that the side scanning sonar imaging system be "mounted to a boat," and concomitant prior art references concerning towfish and other boat-mounted side scanning transducers, are properly pleaded under Rule 9(b) and controlling Federal Circuit law.  Accordingly, it is ORDERED that Johnson Outdoors's motions (Doc. # 53) are GRANTED in part and DENIED in part.

DONE this 2nd day of March, 2011.

_____/s/ W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE